**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

GAGE ALEXANDER, )
)
Plaintiff, )
) No. 2:25-cv-02603-TLP-atc
v. )
)
CAPITAL ONE, N.A., )
)
Defendant. )

---

**ORDER ADOPTING IN PART REPORT AND RECOMMENDATION, AND GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**

---

On April 14, 2025, pro se Plaintiff Gage Alexander sued Defendant Capital One, N.A., in the General Sessions Court of Shelby County. (ECF No. 1-1 at PageID 8.) Defendant timely removed Plaintiff's action to this Court. (*See id.* at PageID 7; ECF No. 1 at PageID 1, 3; *see also* 28 U.S.C. § 1446(b)(2)(B).) Plaintiff asserts that after he sent Defendant a written credit card dispute, Defendant violated provisions of Regulation Z, which implements the Truth in Lending Act (TILA). (ECF No. 16 at PageID 44–45; *see also Ford Motor Credit Co. v. Milhollin*, 444 U.S. 555, 794 (1980).) In response to Plaintiff's Amended Complaint, Defendant moved to dismiss Plaintiff's TILA claims alleging that they were untimely and that they failed to state a claim. (ECF No. 19-1 at PageID 60–63.)

Under Administrative Order 2013-05, the Court referred Plaintiff's case to Magistrate Judge Annie T. Christoff ("Judge Christoff") for management of all pretrial matters. On August 4, 2026, Judge Christoff issued a Report and Recommendation ("R&R"), which stated that the

Court should grant in part and deny in part Defendant's Motion to Dismiss. (ECF No. 41 at PageID 115–16.) Neither Party objected to the R&R, so the Court reviews it for clear error.

The R&R correctly states that three of Plaintiff's claims are untimely and that his remaining two claims are timely. (*Id.* at PageID 118–24.) But the Court disagrees with Judge Christoff's conclusion that Plaintiff sufficiently pleaded his claims. (*Id.* at PageID 124–26.) The Court disagrees with that conclusion because Plaintiff's Amended Complaint fails to state plausibly any claim.

The Court therefore **ADOPTS IN PART** the R&R. It **GRANTS IN PART** Defendant's Motion to Dismiss and **DISMISSES WITHOUT PREJUDICE** each of Plaintiff's claims.

## BACKGROUND

To rule on a motion to dismiss, this Court must "take as true well-pleaded factual allegations in the operative complaint." *See Paris v. MacAllister Machinery Co., Inc.*, 175 F.4th 787, 795 (6th Cir. 2026). The Court thus recounts such factual allegations in Plaintiff's Amended Complaint. *See id.*

In November 2023, Plaintiff "mailed" Defendant a "written dispute" regarding his account. (ECF No. 16 at PageID 44.) And in his "written dispute," Plaintiff requested from Defendant "all account disclosures since account opening and a refund of the balance." (*Id.*) Defendant did not acknowledge the dispute within thirty (30) days, resolve it within two billing cycles, or provide documentation that supported Defendant's position. (*Id.*) Defendant closed Plaintiff's account in December 2023, attempted to collect payments from Plaintiff, and reported Plaintiff's account "negatively" to "credit bureaus." (*Id.*) According to Plaintiff, statements from November 2023 to May 2024 reflect that Defendant increased his minimum payments and demanded from him a full balance. (*Id.*)

Plaintiff first sued Defendant in the Court of General Sessions of Shelby County, Tennessee on May 8, 2024. (ECF No. 1-2 at PageID 15.) He alleged violations of "12 C.F.R. [§§] 1002.2" and "1026.13," and "15 [U.S.C.] [§§] 1637" and "52." (*Id.*) The outcome of that litigation is unclear, but Defendant notes that it was "dismissed without prejudice." (ECF No. 1 at PageID 3.) The Court has no more information about that suit. (*See* ECF No. 1-2.)

On April 14, 2025, Plaintiff again sued Defendant in the General Sessions Court of Shelby County. (ECF No. 1-1 at PageID 8.) In response, Defendant timely removed Plaintiff's suit to this Court on June 13, 2025. (ECF No. 1 at PageID 1–3; *see also* 28 U.S.C. § 1446(b)(2)(B).). Finding Plaintiff's Complaint "sparse," Defendant moved for a more definite statement based on Federal Rule of Civil Procedure 12(e). (ECF No. 10 at PageID 24; *see also* ECF No. 9.) Defendant also requested that the Court require Plaintiff to amend his Complaint to satisfy Federal Rules of Civil Procedure 8(a)(2) and 10(b). (ECF No. 10 at PageID 26.)

After Plaintiff filed his Amended Complaint, Magistrate Judge Christoff denied as moot Defendant's Rule 12(e) Motion. (ECF No. 14 at PageID 35–36.) In his Amended Complaint, Plaintiff alleges that because his claims are based on TILA,[1] this Court may exercise jurisdiction under 15 U.S.C. § 1640(e). (ECF No. 16 at PageID 44; *see also* 15 U.S.C. § 1640(e) (conferring on U.S. district courts jurisdiction over any timely action based on section 1640).)

Plaintiff then claims that Defendant violated five parts of Regulation Z. (*See* ECF No. 16 at PageID 44–45; *see also* 12 C.F.R. § 1026.13(c)(1)–(2), (d)(1)–(3)). He asserts that Defendant violated subsection 1026.13(c)(1) by failing to acknowledge Plaintiff's written dispute and that it

[1] In the Fair Credit Billing Act (FCBA), Congress amended TILA to "protect the consumer against inaccurate and unfair credit billing and credit card practices." *Krieger v. Bank of Am., N.A.*, 890 F.3d 429, 433 (3d Cir. 2018) (citing 16 U.S.C. § 1601(a)). For clarity, the Court refers only to TILA.

violated subsection 1026.13(c)(2) by failing to resolve timely Plaintiff's issue and provide supporting documentation. (ECF No. 16 at PageID 44.)

Plaintiff also alleges that Defendant violated subsection 1026.13(d)(3) by closing his account during the dispute. (*Id.*) He gestures to, but does not cite, the same subsection by asserting that "[s]tatements from November 2023 through May 2024 show" that Defendant increased Plaintiff's minimum payments, demanded the full balance, and illegally accelerated Plaintiff's debt. (*Id.*) Finally, Plaintiff asserts that Defendant violated subsections 1026.13(d)(1)–(2) by trying to collect Plaintiff's payments and by reporting "the account negatively to credit bureaus during the dispute." (*Id.*)

Defendant later moved to dismiss Plaintiff's Amended Complaint. (ECF No. 19.) It stated that Plaintiff's claims all "concern activity occurring" over one year before he sued on April 14, 2025. (ECF No. 19-1 at PageID 57.) As a result, Defendant argues, TILA's one-year statute of limitations bars his claims. (*Id.*) Defendant also contends that even if the statute of limitations did not bar Plaintiff's claims, Plaintiff insufficiently pleaded these claims because he failed to allege that he "submitted a written dispute identifying a *specific* billing error." (*Id.* at PageID 57–58 (emphasis in original).)

## THE R&R

In the R&R, Judge Christoff discussed this case's factual and procedural history and discussed relevant legal standards. (ECF No. 41 at PageID 115–18.) Noting that the Court should construe liberally a pleading filed pro se, Judge Christoff first concluded that Plaintiff's claims based on subsections 1026.13(c)(1)–(2) and 1026.13(d)(3)[2] are largely untimely. (*Id.* at

[2] Judge Christoff accurately distinguished between unlawful debt-acceleration that Defendant undertook from November 2023 to April 13, 2024, and from April 14, 2024, to April 2025. (ECF No. 41 at PageID 121.) So as this Court explains below, Plaintiff's subsection

PageID 119–21.) But she also determined that Plaintiff's Amended Complaint "does not specify when" Defendant allegedly undertook improper collection, credit-bureau reporting, and debt-acceleration efforts in violation of subsections 1026.13(d)(1)–(3). (*Id.* at PageID 120–21.) On that basis, Judge Christoff reasoned that to the extent that those claims related to conduct that occurred after April 14, 2024, Plaintiff timely asserted them. (*Id.*)

After conducting this analysis, Judge Christoff found that Plaintiff failed to show that the doctrine of equitable tolling entitles him to relief from the statute of limitations. (*Id.* at PageID 121–24.) And she addressed the remaining issue that Defendant raised in its Motion to Dismiss: whether Plaintiff alleged enough to provide Defendant with "notice" in his written dispute. (*Id.* at PageID 124–26.) Below, the Court identifies the appropriate legal standards and explains why it adopts in part the R&R, dismisses Plaintiff's untimely claims, and dismisses as insufficiently pleaded Plaintiff's timely claims.

## LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must "state a claim to relief that rises above the speculative level and is plausible on its face." *Segrist v. Bank of New York Mellon for Certificateholders of CWABS, Inc. Asset-Backed Certificates Series 2003-2*, 744 F. App'x 932, 934 (6th Cir. 2018) (citation modified). A plaintiff's claim is facially plausible when it reflects enough "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation modified).

To evaluate whether a plaintiff has plausibly pleaded a claim, this Court must "take as true well-pleaded factual allegations in the operative complaint." *Paris*, 175 F.4th at 795. And it

---

1026.13(d)(3) claim is untimely as much as it concerns Defendant's alleged conduct in the former period. And it is timely if it concerns Defendant's alleged conduct in the latter period.

must also construe the complaint in the light most favorable to the plaintiff while drawing all reasonable inferences in his favor. *Segrist*, 744 F. App'x at 935. The Court must not dismiss a claim under Rule 12(b)(6) based on a statute of limitations "unless the defense is obvious from the face of the complaint." *Stringfield v. Wadsworth Police Dep't*, 114 F.3d 1189 (6th Cir. 1997) (unpublished table decision). But federal courts need not accept the "truth of legal conclusions" or "mere conclusory statements." *Id.* (citation modified). What is more, a complaint must contain "direct or inferential allegations respecting all the material elements under some viable legal theory." *See Arsan v. Keller*, 784 F. App'x 900, 909 (6th Cir. 2019) (citation modified).

As Judge Christoff correctly noted, this Court must "liberally construe[]" pro se plaintiffs' pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation modified). As a result, it applies to Plaintiff's Amended Complaint a "less stringent standard[] than formal pleadings drafted by lawyers." *See id.* (citation modified). Pro se plaintiffs must nevertheless plead enough "factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 F. App'x 784, 786 (6th Cir. 2011) (emphasis removed) (citation modified). Despite this Court's duty to construe liberally a pro se plaintiff's filing, liberal construction has its "limits." *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001).

A magistrate judge may submit to a district judge proposed findings of fact and recommendations for deciding pretrial matters, including a motion to dismiss for failure to state a claim. 28 U.S.C. § 636(b)(1)(A)–(B). And "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). If no party objects to the R&R, the district court reviews it for clear error. Fed. R. Civ. P. 72(b) advisory committee note (1983). Neither party objected to Judge Christoff's R&R, so this Court reviews it for clear error. (*See* ECF No. 41.)

## DISPOSITION

This Court grants in part Defendant's Motion to Dismiss. (*See* ECF No. 41 at PageID 118–26.) While the Court does not agree with Defendant that it should dismiss Plaintiff's claims with prejudice, untimeliness and insufficient pleading require the Court to dismiss his claims.

First, as explained below, the Court agrees with Judge Christoff that Plaintiff's subsection 1026.13(c)(1)–(2) claims are untimely, as Plaintiff did not assert them against Defendant within one year of their accrual and his theory of equitable tolling fails. (*Id.* at PageID 121–24.) Plaintiff's subsection 1026.13(d)(3) claim is also untimely as much as it concerns conduct before April 14, 2024. (*Id.* at PageID 121.)

Second, the Court also agrees with Judge Christoff that Plaintiff's subsection 1026.13(d)(3) claim is timely as long as it relates to conduct occurring after April 14, 2024. (*Id.*) So the Court cannot dismiss it because it is not untimely based on "the face" of Plaintiff's Amended Complaint. *See Stringfield*, 114 F.3d at 1189. The same goes for Plaintiff's subsection 1026.13(d)(1)–(2) claims, which are not untimely based on "the face" of the Amended Complaint. *See id.*

Third, the Court dismisses Plaintiff's timely claims because Plaintiff insufficiently alleged that he provided notice of a "written dispute to Defendant regarding his account." (*See* ECF No. 41 at PageID 125–26 (citing ECF No. 16 at PageID 44).)

For the reasons below, the Court dismisses without prejudice each of Plaintiff's claims.

### I. Motion to Dismiss

#### A. Plaintiff's Subsection 1026.13(c)(1), (c)(2) and (d)(3) Claims Are Untimely

Judge Christoff correctly concluded that three of Plaintiff's claims are untimely because Plaintiff asserted them over one year after they accrued. Claims based on TILA are subject to a one-year statute of limitations, which begins to run once the "creditor fails to comply with the

statutory scheme for resolving billing disputes." *Burnstein v. Saks Fifth Ave. & Co.*, 208 F. Supp. 2d 765, 772 (E.D. Mich. 2003), *aff'd sub. nom. Conn-Burnstein v. Saks Fifth Ave. & Co.*, 85 F. App'x 430 (6th Cir. 2003). Plaintiff also failed to show that equitable tolling renders his claims timely.

Plaintiff's subsection 1026.13(c)(1) claim involves Defendant's failure to acknowledge his "billing error notice" within thirty (30) days of receipt. (*See* 12 C.F.R. § 1026.13(c)(1); *see also* ECF No. 16 at PageID 45.) He mailed his written dispute in November 2023, so Defendant needed to acknowledge it by December 2023. *See* 12 C.F.R. § 1026.13(c)(1). As a result, Plaintiff had until December 2024, one year after Defendant's violation, to bring suit. *See Burnstein*, 208 F. Supp. 2d at 772. Instead, he sued in April 2025. (ECF No. 1-1 at PageID 10.) For this analysis, the Court cannot use the date on which Plaintiff filed his first lawsuit. (*See* ECF No. 1-2 at PageID 15.) Indeed, Plaintiff provided only a civil warrant sheet that included his allegation of a "violati[on] . . . of 12 C.F.R. . . . § 1026.13," so, like Judge Christoff, this Court cannot determine that he had filed the same claim based on 12 C.F.R. § 1026.13(c)(1). (*See id.*)

Timing likewise bars Plaintiff's subsection 1026.13(c)(2) claim. This subsection requires a creditor to "comply with the appropriate resolution procedures" within two billing cycles, and "in no event later than 90 days," after receiving a "billing error notice." 12 C.F.R. § 1026.13(c)(2). Plaintiff alleges that Defendant failed to address the dispute that he mailed in November 2023. (ECF No. 16 at PageID 44–45.) But counting ninety days even from November 30, 2023, Defendant's violation of subsection 1026.13(c)(2) lasted through late February 2024, still over a year before April 2025. *See Burnstein*, 208 F. Supp. 2d at 772. And

again, the Court finds that Judge Christoff correctly recommends dismissal. (*See* ECF No. 1-2 at PageID 15.)

Finally, subsection 1026.13(d)(3) prohibits a creditor in some cases from accelerating "any part of the consumer's indebtedness" or restricting or closing "a consumer's account." 12 C.F.R. § 1026.13(d)(3). Based on this subsection, Plaintiff claimed that Defendant unlawfully closed his account in December 2023. (*See* ECF No. 16 at PageID 44.) Assuming that is true, Plaintiff had until December 2024 to file this claim timely. *See Burnstein*, 208 F. Supp. 2d at 772. But he first pleaded the claim in April 2025. (ECF No. 1-1 at PageID 10.)

Yet Plaintiff's subsection 1026.13(d)(3) claim also concerns Defendant's allegedly improper acceleration of his debt. (*See* ECF No. 16 at PageID 44.) Even if Plaintiff's claim relates to Defendant's improper debt-acceleration from November 2023 to April 13, 2024, the statute of limitations again bars this claim. *See Burnstein*, 208 F. Supp. 2d at 772. But if this claim relates to improper debt-acceleration between April 14, 2024, and May 2024, it is timely. (*See id.*; *see also* ECF No. 16 at PageID 44 ("Statements from November 2023 through May 2024 show that Defendant . . . illegally accelerat[ed] the debt while the dispute was unresolved.").)

Now, the Court will address whether the doctrine of equitable tolling could render these claims timely. For this doctrine to apply, a plaintiff must show that he "diligently pursued his rights" and that "some extraordinary circumstances stood in his way and prevented timely filing." *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 462 (6th Cir. 2012) (citation modified). Judge Christoff concluded that equitable tolling does not apply because Plaintiff waited until April 2025 to sue. (ECF No. 41 at PageID 121–22.) If that were the case, then

Plaintiff likely could not establish that he "diligently pursued his rights." *See, e.g.*, *Keeling*, 673 F.3d at 462.

The Court recognizes, however, that Plaintiff first sued Defendant on May 8, 2024. (ECF No. 1-2 at PageID 15.) And Plaintiff asserts that his state court suit tolled the statute of limitations on his federal law claims. (ECF No. 28 at PageID 86.) While Plaintiff failed to cite the relevant law governing this issue, he is correct that a state court action may equitably toll the statute of limitations. *See, e.g.*, *Gibson v. Am. Bankers Ins. Co.*, 289 F.3d 943, 946 (6th Cir. 2002) ("The filing in a state court of competent jurisdiction tolls the statute of limitations during the pendency of the state action.").)

Plaintiff's theory nevertheless faces two obstacles. First, a claim may be tolled only during the pendency of the state action based on the same claim. *Id.*; *see also Burnett v. N.Y. Cent. R. Co.*, 380 U.S. 424, 434–35 (1965). Plaintiff provided only a civil warrant sheet that asserted a "violati[on] . . . of 12 C.F.R. . . . § 1026.13," so the Court cannot conclude that Plaintiff filed the same claims here. (*See* ECF No. 1-2 at PageID 15.)

What is more, even if Plaintiff asserted the same claims in his first state court action, Plaintiff has not specified that action's duration. (*See id.*) According to Defendant, the state court eventually dismissed that action without prejudice. (ECF No. 1 at PageID 3.) But if the court promptly dismissed his claims, then Plaintiff would benefit from only a short tolling period. In that case, the tolling period would not save his claims. *See Gibson*, 289 F.3d at 946. In short, Plaintiff did not provide the Court enough information to determine that tolling during his state court action sufficed to render his claims timely. As for Plaintiff's final two arguments

about tolling, the Court finds no error in Judge Christoff's analysis. (*See* ECF No. 41 at PageID 123–24.)

The Court agrees with the R&R's conclusion and decides that Plaintiff's subsection 1026.13(c)(1) and (c)(2) claims are untimely and that his subsection 1026.13(d)(3) claim is untimely as it relates to events before April 14, 2024. Yet the Court acknowledges that Plaintiff might establish equitable tolling based on the timing of his first state court action. So dismissal without prejudice is appropriate. *See Wershe v. City of Detroit*, 112 F.4th 357, 372 (6th Cir. 2024), *cert. denied*, 145 S. Ct. 1128 (2025) ("Dismissal without prejudice is appropriate when the complaint could not be saved by an amendment." (citation modified)).

Accordingly, the Court **GRANTS IN PART** Defendant's Motion to Dismiss and **DISMISSES WITHOUT PREJUDICE** Plaintiff's claims as described above.

**B. Plaintiff's Subsection 1026.13(d)(1)–(2) Claims Are Not Clearly Untimely**

The R&R also properly concluded that the Court should not dismiss as untimely Plaintiff's subsection 1026.13(d)(1)–(2) claims. (ECF No. 41 at PageID 120–21.) Recall that Plaintiff's subsection 1026.13(d)(1) claim concerns Defendant's alleged attempts to "collect payments" from Plaintiff during the dispute. (ECF No. 16 at PageID 44.) And his subsection 1026.13(d)(2) claim involves Defendant's alleged negative reporting to credit bureaus. (*Id.*)

Considering carefully the Amended Complaint, Judge Christoff reasoned that the Court should not dismiss these claims because Plaintiff did not allege when Defendant engaged in the conduct underlying either claim. (ECF No. 41 at PageID 120–21.) Indeed, "the face of the pleading does not indicate the claims are untimely as a matter of law." (*Id.* at PageID 121.) And unless untimeliness is "obvious from the face of the complaint," this Court should not dismiss a claim as untimely at this stage. *See Stringfield*, 114 F.3d at 1189. In alleging improper debt-collection attempts and negative reports, Plaintiff might well have referred to conduct after April

14, 2024. (*See* ECF No. 16 at PageID 44.) At this stage, the Court agrees with Judge Christoff that it cannot dismiss as untimely Plaintiff's subsection 1026.13(d)(1)–(2) claims. *See Stringfield*, 114 F.3d at 1189. But the Court must analyze another issue before ruling on Defendant's Motion over these claims.

### C. Plaintiff Failed to Sufficiently Plead That He Gave Defendant "Notice"

Defendant challenges the sufficiency of Plaintiff's allegations. (ECF No. 19-1 at PageID 61–63.) It notes Plaintiff's failure to "identify any *specific*" transaction that he disputed. (*Id.* at PageID 63 (emphasis in original).) But the R&R disagreed with Defendant because Plaintiff was not required to plead with "specificity" that he satisfied TILA's notice requirement. (*See* ECF No. 41 at PageID 125.)

The Court does not adopt the R&R's conclusion that Plaintiff has sufficiently alleged that he gave Defendant "written notice" about the "billing error." *See* 15 U.S.C. § 1666. As an initial matter, the Court notes that Plaintiff, Defendant, and the R&R agree that "notice is a prerequisite to a finding of liability under the Act." (*See, e.g.*, ECF No. 41 at PageID 124 (citing *Conn-Burnstein*, 85 F. App'x at 430).) Indeed, TILA requires a creditor to "correspond" with a consumer and "seek to resolve any billing differences" *only after* the creditor receives "written notice" from him. *Conn-Burnstein*, 85 F. App'x at 431.[3] The statute prescribes specific requirements for a consumer's "notice" to the creditor and indicates that the creditor's duties

[3] Before the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010 (DFA), TILA enabled the Federal Reserve Board to promulgate Regulation Z. *Krieger*, 890 F.3d at 436 n.3. When the Federal Reserve Board issued these rules, they were codified at 12 C.F.R. § 226.13. *See id.* at 437 n.4. Yet in the DFA, Congress "reassigned this regulatory authority" to the Consumer Financial Protection Bureau. *Id.* at 436 n.3. Since that reassignment, the rules have been codified at 12 C.F.R. § 1026.13. *Id.* The rules at 12 C.F.R. §§ 226.13 and 1026.13 are "materially identical," so the Sixth Circuit's decision in *Conn-Burnstein* may still guide this Court here. *See id.* at 437 n.4; *see also Conn-Burnstein*, 85 F. App'x at 431 (citing 12 C.F.R. § 226.13).

arise only upon its receipt of the notice. *See* 15 U.S.C. § 1666(a)(1)–(3). For example, in the "notice," the consumer must "set[] forth or otherwise enable[]" the creditor to identify the consumer's name and account number. *Id.* § 1666(a)(1). So must he "indicat[e]" his belief that the statement "contains a billing error and the amount of such error." *Id.* § 1666(a)(2). And he must "set[] forth the reasons for" his "belief . . . that the statement contains a billing error." *Id.* § 1666(a)(3).

Given the requirements in section 1666, Defendant could be held liable *only* if it received the requisite notice. Yet in his Amended Complaint Plaintiff alleged only that he sent a "written dispute" to Defendant in November 2023. (ECF No. 16 at PageID 44.) He included none of the information that TILA requires a consumer's "written notice" to include. (*Compare* 15 U.S.C. § 1666(a)(1)–(3), *with* ECF No. 16 at PageID 44.) The Court finds therefore that Plaintiff has failed to plead enough "factual content" that would allow the Court to "draw the reasonable inference that" Defendant is "liable for the misconduct alleged." *See Ashcroft*, 556 U.S. at 678 (citation modified).

Even pro se plaintiffs must plead enough "factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett*, 414 F. App'x at 786 (emphasis removed) (citation modified); *see also Erwin*, 22 F. App'x at 580. TILA predicates a creditor's liability on a consumer's "written notice," which must include specific information about the credit dispute. 15 U.S.C. § 1666. Plaintiff has alleged only that he mailed a "written dispute" requesting disclosures from Defendant. Notably, he did not allege even implicitly that his "written dispute" included *any* of the information that TILA requires. (*See* ECF No. 16 at PageID 44.)

At day's end, the Court cannot excuse the total absence of any "factual content" on which to "draw the reasonable inference that" Defendant is "liable for the misconduct alleged." *See Ashcroft*, 556 U.S. at 678 (citation modified); *see also Barnett*, 414 F. App'x at 786. As a result,

Plaintiff's allegations are factually and legally insufficient to support his claims. *See id.*; *see also Arsan*, 784 F. App'x at 909 (requiring "direct or inferential allegations respecting *all* the material elements under some viable legal theory" (emphasis added) (citation modified)). Because the Court holds a "definite and firm conviction" that the R&R's conclusion is incorrect, it declines to adopt this recommendation. *See Taglieri v. Monasky*, 907 F.3d 404, 408–09 (6th Cir. 2018)

The Court nevertheless dismisses without prejudice Plaintiff's claims because an amendment might "save[]" the Amended Complaint. *See Wershe*, 112 F.4th at 372. All in all, the Court **GRANTS IN PART** Defendant's Motion to Dismiss and **DISMISSES WITHOUT PREJUDICE** Plaintiff's claims as described above.

## CONCLUSION

The Court has reviewed for clear error Judge Christoff's R&R and agrees in part with her reasoning. And so, the Court **ADOPTS IN PART** the R&R and **GRANTS IN PART** Defendants' Motion to Dismiss. The Court **DISMISSES WITHOUT PREJUDICE** each of Plaintiff's claims.

**SO ORDERED**, this 14th day of September, 2026.

s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE